■ In the Matter of NASSAU EDUCATIONAL CHAPTER CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent, v BOARD OF EDUCATION OF FARMINGDALE UNION FREE SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Acting Superintendent of Schools of the Board of Education of the Farmingdale Union Free School District, wherein certain members of the petitioner association were found to have engaged in a strike and penalties were imposed by payroll deductions, the board appeals (by permission) from an order of the Supreme Court, Suffolk County, dated September 14, 1977, which denied its motion to dismiss the petition. Order reversed, on the law, without costs or disbursements, motion granted and proceeding dismissed. This CPLR article 78 proceeding was commenced to review the imposition of penalties against approximately 125 employees who were found to have engaged in a strike on November 26, 1976, in violation of section 210 of the Civil Service Law. Insofar as it is applicable to this proceeding, subdivision 1 of that section prohibits strikes by public employees. Subdivision 2 generally provides for the imposition of penalties against individual employees who have been found to have violated the statutory prohibition. Section 210 (subd 2, par [h]) of the Civil Service Law outlines the procedures to be followed by an individual employee who seeks to challenge a determination that he had violated the statute. This paragraph concludes by providing that "The determinations provided in this paragraph shall be reviewable pursuant to article seventy-eight of the civil practice law and rules." Subdivision 2 is limited by its terms to violations by individual employees and the review procedures provided by paragraph (h) are to guarantee the rights of the individual employee (cf. *Matter of Sanford v Rockefeller,* 35 NY2d 547). The instant proceeding was not commenced by an individual employee, nor by the class of penalized employees. Rather, the proceeding was commenced by the organization which represents these employees. Throughout article 14 of the Civil Service Law (§ 200 *et seq.),* employees and employee organizations are accorded separate treatment. This is exemplified by section 210, which treats violations by employees in subdivision 2 and violations by employee

organizations in subdivision 3. A penalty imposed pursuant to subdivision 2 aggrieves only the employee and not the employee organization. Concomitantly, the right to review a determination made in accordance with subdivision 2 belongs to the individual employee and not to the employee organization. Therefore, the employee organization was not the proper party to have commenced this proceeding and the petition must be dismissed. To the extent that the employee organization is aggrieved because the appellant's actions may have violated the collective bargaining agreement, it must pursue the grievance procedures afforded by that agreement. Latham, J. P., Rabin, Gulotta and O'Connor, JJ., concur.